Filed 8/13/14  P. v. Carlton CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELWYN ALLAN CARLTON,<br><br>    Defendant and Appellant. | H040528<br>(Santa Cruz County<br>Super. Ct. No. F25040) |

Defendant Elwyn Allan Carlton was driving a vehicle when it was stopped by the police just after midnight because the vehicle was weaving.  Defendant told the officers that his driver's license had been suspended.  The police impounded defendant's vehicle and did an inventory search.  A baggie containing 12.6 grams of methamphetamine was found in a hidden compartment under the center console of defendant's vehicle.  A scale with white powdery residue on it was found inside the center console, and baggies were found next to the center console.  Defendant was arrested.  A search of defendant's person turned up four additional baggies of the same type as those in the vehicle in one of his pockets and $468 in cash in another pocket.

Defendant was charged by information with possession of methamphetamine for sale (Health & Saf. Code, § 11378), transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and false compartment activity (Health & Saf. Code, § 11366.8, subd. (a)).  It was further alleged that he had suffered a prior strike conviction

(Pen. Code, § 667, subds. (b)-(i)) and a prior controlled substance conviction (Health & Saf. Code, § 11370.2, subd. (a)), and that he had served prison terms for nine prior felony convictions (Pen. Code, § 667.5, subd. (b)).

Defendant pleaded no contest to the three substantive counts and admitted five of the prison priors, the strike prior, and the controlled substance prior in exchange for a nine-year ceiling on his prison sentence. The probation report stated that Penal Code section 654 barred punishment for both the possession and transportation counts because these two counts "were one course of conduct . . . ." The probation report recommended a concurrent term for the false compartment count.

The court dismissed the strike prior, which was more than 30 years old. It imposed the middle term of two years for the possession for sale count, a consecutive one-year term for the transportation count, and a consecutive eight-month term for the false compartment count. The court stated that it was selecting consecutive terms "because these are distinct criminal acts, with different elements." It found that Penal Code section 654 did not apply. "The Court finds the false-compartment activity does not merge with the transportation, and I'm electing to not make a 654 finding." The court imposed consecutive one-year prison terms for two of the five prison priors and struck the other three prison priors. A three-year consecutive term was imposed for the prior controlled substance conviction. The total prison term was eight years and eight months.

When the defense interposed a Penal Code section 654 objection to the imposition of consecutive terms for the transportation and false compartment counts, the court overruled the objection. It said: "Well, to be quite candid, if I did that, then I'd just add a year from another one of the priors. It was my intent to get to eight years, eight months so that I could respect the nine-year lid, but I do feel that the sentence is appropriate." Defendant timely filed a notice of appeal challenging only his sentence.

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant was notified of his right to submit written

2

argument on his own behalf but has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Premo, Acting P. J.

_____
Elia, J.